# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| STEVE ADKINS | ) | |
|    Plaintiff, | ) | Civil Action No. 1:08cv00023 |
| | ) | |
| v. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
|   **Acting Commissioner of** | ) | By: PAMELA MEADE SARGENT |
|   **Social Security,** | ) | UNITED STATES MAGISTRATE JUDGE |
|    Defendant. | ) | |

In this social security action, I am asked to rule on a motion for an attorney's fee, (Docket Item No. 17) ("the Motion"). Based on the reasoning set out below, the Motion will be granted.

Steve Adkins filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying his claim for a period of disability and disability insurance benefits, ("DIB"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. § 423. (West 2011). Jurisdiction of this court exists pursuant to 42 U.S.C. § 405(g). The Commissioner answered the suit, filing the administrative record. Thereafter, the court, upon the Commissioner's motion to remand, by order entered January 9, 2009, vacated the Commissioner's decision denying benefits and remanded the case to the Commissioner for further consideration. (Docket Item No. 12.) Counsel for Adkins filed a petition for an award of fees under the Equal Access to Justice Act,

˜1˜

("EAJA"), found at 28 U.S.C. § 2412(d). (Docket Item No. 13). By order entered March 17, 2009, this court awarded EAJA fees to Adkins's counsel in the amount of $1,625.00.[1] (Docket Item No. 16). Counsel for Adkins now has filed a petition seeking approval of a fee of $4,000.00 for representing Adkins in this court, pursuant to 42 U.S.C.A. § 406(b). (Docket Item No. 17.) The Commissioner responded to the motion, not objecting to the plaintiff's request for a fee. (Docket Item No. 20.)

In proceedings under title II of the Act, the court is authorized to determine and allow a "reasonable [attorney's] fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C.A. § 406(b)(1)(A) (West 2011). The Fourth Circuit, construing the legislative history, has held that the 25 percent limit includes any separate fee authorized by the Commissioner for services rendered in the administrative proceedings. *See Morris v. Soc. Sec. Admin.,* 689 F.2d 495, 497 (4th Cir. 1982) (per curiam). Here, Adkins has provided a letter from the Office of Central Operations stating that plaintiff's counsel had previously been paid a fee of $6,000.00 for services performed before the Social Security Administration. (Docket Item No. 18-5).

---

[1] Plaintiff's counsel avers that he never received the $1,625.00 in EAJA fees previously awarded by this court. The Government clarified that these fees were used to offset Adkins's federal debt.

The Supreme Court has held that a district court, in determining a fee under § 406(b)(1)(A), must consider the fee arrangement between the client and the attorney, including a contingency fee arrangement, as the first step in testing the requested fee for reasonableness. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 808 (2002). Adkins's counsel has provided the court with an undated fee agreement, in which Adkins agreed to pay counsel 25 percent of his past-due Social Security benefits for representing him on his DIB claim if counsel was ultimately successful in pursuing the claim in this court. (Docket Item No. 18-6). Adkins's counsel has provided the court with a copy of the Social Security Administration's October 31, 2010, Notice of Award Letter, which states that Adkins's past-due benefits totaled $99,345.50 and that it withheld $24,836.38, or 25 percent, from Adkins's past-due DIB benefits for payment of an attorney's fee. (Docket Item No. 18-4). Counsel also has provided a copy of the Social Security Administration's September 27, 2010, Notice of Award Letter, which states that it withheld $4,143.50, or 25 percent, from Norma Adkins's spousal benefits for payment of an attorney's fee. (Docket Item No. 18-1.) Counsel also has provided the court with a copy of the Social Security Administration's September 27, 2010, Notice of Award Letter, which states that it withheld $4,143.50, or 25 percent, from Brandi Jean Adkins's child's benefits for payment of an attorney's fee. (Docket Item No. 18-2.) Finally, Adkins's counsel has provided the court with a copy of the Social Security Administration's September 27, 2010, Notice of Award Letter, which states that it withheld $2,512.50, or 25 percent, from Brittany Adkins's child's benefits for payment of an attorney's fee. (Docket Item No. 18-3). Thus, the total amount withheld for payment of an attorney's fee equals $35,635.88, which represents 25 percent of Adkins's and Adkins's family's total past-due DIB benefits.

Also, in determining a reasonable fee, courts should consider whether

counsel's actions contributed to a delay allowing an accumulation of past-due benefits or whether the benefits awarded are large in comparison to the amount of time expended by the attorney. *See Gisbrecht*, 535 U.S. at 808. Furthermore, it appears proper for the court to consider the so-called "lodestar" method of fee determination, whereby a reasonable fee is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, to assess the reasonableness of the agreed fee. *See Gisbrecht*, 535 U.S. at 801-02 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) ("[t]he most useful starting point for [court determination of] the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). Also, the fee petitioner bears the burden of justifying a requested fee. *See Blum v. Stenson,* 465 U.S. 886, 896 n.11 (1984).

In the present case, Adkins's counsel has supplied evidence that shows that a total of 15.5 hours was spent in representing Adkins in this court. Counsel has not suggested an hourly rate for the work performed, nor has the Commissioner suggested what hourly rate would result in a proper fee. Counsel also has not divided the time expended into attorney time and nonattorney time.[2]

The court further notes, however, that "it is not proper to award a full attorney rate for activities that should more effectively be performed by nonlawyers." *Chapman v. Astrue*, 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (citing *Spell v. McDaniel*, 824 F.2d 1380, 1401-02 (4th Cir. 1987)).

---

[2] The court notes that one entry in the itemization of time reflects that it was performed by plaintiff's counsel. The remaining entries, however, do not specify by whom they were performed.

Additionally, "purely clerical tasks are ordinarily part of a law office's overhead and should not be compensated for at all." *Chapman*, 2009 WL 3764009, at *1 (citing *Keith v. Volpe*, 644 F. Supp. 1312, 1316 (C.D. Cal. 1986)). In *Chapman*, this court found that it is proper to award a reduced hourly rate for nonattorney time spent "on the theory that their work contributed to their supervising attorney's work product, was traditionally done and billed by attorneys, and could be done effectively by nonattorneys under supervision for a lower rate, thereby lowering overall litigation costs." 2009 WL 3764009, at *1 (quoting *Cook v. Brown*, 68 F.3d 447, 453 (Fed. Cir. 1995)).

Keeping these principles in mind, an examination of the itemized record submitted by counsel in this case makes clear that some of the time should be reduced or eliminated. Additionally, there are other billed activities that would more appropriately have been included at a nonattorney rate or are excessive. Plaintiff's counsel has claimed .50 hour of time for taking two phone calls from Adkins regarding the status of his claim. I find this request reasonable, and I recommend that the court allow .50 hour of attorney time for these activities. Counsel also claims .50 hour of time for his review of the file. I find this request reasonable, and I recommend that the court allow .50 hour of attorney time. Counsel claims .25 hour of time for sending a letter to Adkins, enclosing the IFP Application, the Assignment of EAJA Fees and Declaration of Net Worth forms for completion. I recommend that the court allow .25 hour of nonattorney time for this. Plaintiff's counsel also claims 2.25 hours of time for receipt and review of the signed paperwork from Adkins, preparation of a letter, the original and four copies of the Complaint, Civil Cover Sheet and IFP Application and filing of the Complaint with this court. I recommend that the court allow .75 hour of nonattorney time for these activities. Counsel claims .25 hour of time for receipt

of the acknowledgement of receipt from this court. I find this request reasonable, and I recommend that the court allow .25 hour of attorney time. Plaintiff's counsel also claims .25 hour of time for completion of the returns of service via the court's ECF filing system. I recommend that the court allow .25 hour of nonattorney time for this. Counsel claims .25 hour of time for taking a phone call from Adkins regarding updated contact information. I recommend that the court allow .25 hour of nonattorney time for this. Plaintiff's counsel also claims .25 hour of time for taking a phone call from the Office of General Counsel regarding ODAR Transcript. I find this request reasonable, and I recommend that the court allow .25 hour of attorney time for this. Counsel claims .25 hour of time for receipt of the Commissioner's Answer and notice of filing of the Transcript. I find this request reasonable, and I recommend that the court allow .25 hour of attorney time. Plaintiff's counsel also claims .50 hour of time for receipt of the Briefing Notice, calendaring the due date and reviewing the file. I recommend that the court allow .25 hour of attorney time and .25 hour of nonattorney time for this. Counsel claims .25 hour of time for placing a phone call to Andy Lynch regarding the Administrative Record. I find this request reasonable, and I recommend that the court allow .25 hour of attorney time for this. Plaintiff's counsel also claims .25 hour of time for receipt of a package via FedEx from Amber Overstreet. I recommend that the court allow .25 hour of nonattorney time for this. Counsel claims .50 hour of time for review of the Court Transcript. I find this request reasonable, and I recommend that the court allow .50 hour of attorney time for this. Plaintiff's counsel also claims a total of 7.5 hours for review and preparation of research, review of the file in detail and drafting and completion of the Brief. I recommend that the court allow 4 hours of attorney time and 3.5 hours of nonattorney time for these activities combined. Counsel claims .25 hour of time for filing the Brief via ECF. I recommend that the court allow .25 hour of

nonattorney time for this. Plaintiff's counsel also claims .25 hour of time for receipt of the notice of Transcript availability for review via ECF. I find this request reasonable, and I recommend that the court allow .25 hour of attorney time for this. Counsel claims .25 hour of time for taking a phone call from the Office of General Counsel regarding remand. I find this request reasonable, and I recommend that the court allow .25 hour of attorney time for this. Plaintiff's counsel also claims .25 hour of time for receipt of the Motion to Remand and .25 hour of time for receipt and review of the Order for Remand. I recommend that the court allow .25 hour of attorney time for these activities combined. Counsel claims .25 hour of time for sending a letter to Adkins with a Statement of Net Worth. I recommend that this time request be eliminated altogether, as it is not relevant to a fee request pursuant to 42 U.S.C. § 406(b), but an EAJA fee request. Lastly, Plaintiff's counsel claims .25 hour of time for taking a phone call from Adkins regarding remand. I find this request reasonable, and I recommend that the court allow .25 hour of attorney time for this.

Based on the revisions stated above, the fee computation is divisible into two categories of costs: attorney time and nonattorney time. There is a total of 7.75 hours of attorney time and a total of 5.75 hours of nonattorney time. This court has held that $75 is a reasonable hourly rate for nonattorney time. *See Chapman*, 2009 WL 3764009, at *2 (citing *Alexander S. v. Boyd*, 113 F.3d 1373, 1377 n.1 (4th Cir. 1997) (paralegal services compensated at $65 per hour where lead counsel compensated at $225 per hour and associate counsel at $100 per hour). At a $75 rate, $431.25 of the requested fee would be payable for nonattorney time. That would leave $3,568.75 for counsel's time, which, if paid for the remaining 7.75 hours of work, would result in a payment of approximately $460.48 per hour. While I cannot, in good conscience, find that such a fee in a social security

disability case is per se reasonable, I am, as stated above, obliged to consider Adkins's fee agreement, which allowed for payment of 25 percent of past-due benefits. Additionally, the Government has responded to the Motion and states that it does not object to the award of the requested fee. Considering these things, and in light of the fact that counsel undertook this case under a contingency fee arrangement, assuming the risk of no payment if benefits were not awarded, I find that a total fee of $4,000.00 is reasonable for the attorney's services before this court. Moreover, the total of the attorney's fee now sought and a previously awarded fee of $6,000.00 for services provided before the Social Security Administration does not exceed 25 percent of the total of Adkins's and Adkins's family's past-due benefits. In fact, it appears that 25 percent of the past-due benefits is $35,635.88, which is $25,635.88 more than the total of the amount previously awarded and the amount now sought. Considering these things, I find that a total fee of $4,000.00 is reasonable for the attorney's services before this court. All of this being the case, I recommend that the court award the requested attorney's fee in the amount of $4,000.00.

Furthermore, an award of fees under 42 U.S.C. § 406(b)(1)(A) is deducted from the claimant's disability benefits, whereas an EAJA award is paid separately by the Government. Where attorney's fees are awarded under both provisions, as they have been in this case, the EAJA compensation serves as a reimbursement to the claimant for fees paid out of the disability award. In such a case, an attorney is not allowed a double recovery, in that the attorney must refund the amount of the smaller fee to the claimant. *See Gisbrecht*, 535 U.S. at 796 (quoting Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 1985 U.S.C.C.A.N. (99 Stat.) 186). Therefore, I further recommend that, should Adkins's counsel receive any of the EAJA fee previously awarded by this court, the court order Adkins's attorney to refund to

Adkins such amount.

## RECOMMENDED DISPOSITION

For the foregoing reasons, I recommend that the court grant the Motion and enter judgment awarding the plaintiff's attorney a fee of $4,000.00 and order counsel to refund to Adkins any amount he may receive pursuant to the court's previously entered order awarding EAJA fees.

### **Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C.A. § 636(b)(1)(C) (West 2006 & Supp. 2013):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendation as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.
>
> Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, United States District Judge.

DATED: July 7, 2014.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE